*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1663**

Joseph F. Johnson, petitioner,
Respondent,

vs.

Glenn Weibel,
Appellant.

**Filed June 8, 2015
Affirmed as modified
Toussaint, Judge**[*]

McLeod County District Court
File No. 43-CV-14-1325

Brian N. Toder, Chestnut & Cambronne PA, Minneapolis, Minnesota (for respondent)

Daniel B. Honsey, Kraft Walser Law Office PLLP, Hutchinson, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Chutich, Judge; and Toussaint, Judge.

# UNPUBLISHED OPINION

**TOUSSAINT**, Judge

Appellant Glenn Weibel appeals the issuance of a harassment restraining order against him. Weibel contends that there was not sufficient evidence to support the

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

district court's findings that Weibel harassed respondent Joseph Johnson. Because we conclude that sufficient evidence supports the district court's findings, we affirm.

## D E C I S I O N

This court reviews a district court's decision to grant a harassment restraining order for abuse of discretion. *Peterson v. Johnson*, 755 N.W.2d 758, 761 (Minn. App. 2008). The district court's findings of fact underlying the harassment restraining order will not be set aside unless they are clearly erroneous, and this court gives due regard to the district court's opportunity to judge the credibility of witnesses. *Id.*

A court may issue a harassment restraining order if the court finds "reasonable grounds to believe that the respondent has engaged in harassment." Minn. Stat. § 609.748, subd. 5(b)(3) (2014). "Harassment" includes either (1) a single act of physical or sexual assault, or (2) "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another." *Id.*, subd. 1(a)(1) (2014).

To prove a physical assault under the first prong of the definition of harassment, a petitioner must show an intentional infliction of or attempt to inflict bodily harm upon another. *Peterson*, 755 N.W.2d at 763. The court found that Weibel physically assaulted Johnson when he "[d]rove his vehicle within inches of the petitioner who was walking on the roadway" on August 23. Because Johnson did not allege that he sustained bodily harm in the incident or that Weibel intended to harm him, the incident was not physical assault.

2

The August 23 incident was, however, an intrusive or unwanted act within the second prong of the definition of harassment. The district court's statements at the end of the hearing indicate that the court only made the finding of physical assault after it concluded that Weibel intended the August 23 incident to cause Johnson fear of harm. We therefore modify the court's harassment restraining order to reflect that the August 23 incident was an intrusive or unwanted act within the second prong of the definition of harassment.

In addition to the August 23 incident, the district court also found that Weibel had repeatedly photographed Johnson's business operations. Johnson's testimony indicated that he believed Weibel had either taken pictures surreptitiously or instructed other people to take the pictures for him. Johnson also testified that photographs of Johnson's business accompanied multiple meritless safety-violation complaints that Weibel submitted to the Federal Aviation Administration.

By finding that Weibel had repeatedly photographed Johnson's business, the court indicated that it found Johnson's testimony more credible than Weibel's testimony. Credibility determinations are for the trier of fact. *Peterson*, 755 N.W.2d at 763. Johnson's testimony was sufficient evidence to support the district court's finding. Therefore, we conclude that the court did not clearly err by finding that Weibel repeatedly photographed Johnson's business.

The harassment restraining order is also supported by Weibel's ongoing pattern of conduct toward Johnson and his business. Findings of harassing conduct that give context to an ongoing situation may be used to support the conclusion that a defendant's

3

conduct constituted "repeated incidents." *See Kush v. Mathison*, 683 N.W.2d 841, 845 (Minn. App. 2004) (affirming harassment finding when record showed that two specific instances and other general harassing conduct taken together formed repeated incidents), *review denied* (Minn. Sept. 29, 2004). The district court made oral findings that Weibel's comments to Johnson's customers and multiple meritless safety-violation reports constituted repeated incidents of intrusive or unwanted acts within the definition of harassment. Giving due regard to the district court's opportunity to judge the credibility of witnesses, these findings were not clearly erroneous.

The record provides ample support for the district court's conclusion that Weibel's actions toward Johnson satisfied the second prong of the definition of harassment. The district court did not abuse its discretion by granting the harassment restraining order.

**Affirmed as modified.**